```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Fein Rosenblum,                    :
     Plaintiff,                    :
                                   :
     v.                            :    File No. 1:06-CV-8
                                   :
Elaine Soto, Director of           :
Housing, Howard Center for         :
Human Services,                    :
     Defendant.[1]                 :

                         OPINION AND ORDER
                         (Papers 8 and 12)

Plaintiff Fein Rosenblum, proceeding *pro se*, brings this action claiming that the defendant, Elaine Soto, violated his constitutional rights. Rosenblum alleges that during the "brutally cold" winter of 2004, he walked each day to a human services facility in Burlington to obtain medications. Staff at the facility knew that he traveled by foot, and Soto allegedly had the power to arrange for less frequent medication pick-ups but failed to do so. Rosenblum also claims that Soto placed him in a medically inadequate homeless shelter. He brings his claims under the Eighth Amendment, claiming cruel and unusual punishment.

Soto has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Paper 12). Also pending before the Court is Rosenblum's motion to amend his complaint

---

[1] Although the complaint spells the defendant's name "Soda," the defendant has informed the court, through her attorney, that the proper spelling of her name is "Soto."

(Paper 8).  For the reasons set forth below, the motion to dismiss (Paper 12) is GRANTED, the motion to amend is DENIED (Paper 8), and Rosenblum is granted leave to amend his complaint once within 20 days of the date of this Opinion and Order.

## Factual Background

For purposes of the pending motion to dismiss, the facts in the complaint will be accepted as true.  Soto is the Director of Housing at Safehaven, a facility in Burlington, Vermont that provides housing and dispenses medication on an outpatient basis.  During the winter of 2004, Rosenblum walked to the Safehaven facility on a daily basis to collect his medications.  Temperatures in January and February of 2004 were "near Arctic," and Rosenblum suffered "unbearable physical pain" walking to and from the facility.  Soto "had the power to lower the frequency of [Rosenblum's medication] pickups which she eventually did," but not until after February, 2004.  By failing to change his pick-up schedule, Soto allegedly violated Rosenblum's Eighth Amendment right to be free from cruel and unusual treatment.

Rosenblum also claims that Soto interviewed him for housing, but in the course of the interview "went into a rage and verbally attacked the plaintiff without any provocation." Soto subsequently placed Rosenblum in a homeless shelter with

inadequate medical care.  "It was not only improper medical care, it was unethical, insensitive and immoral of Elaine Soda [sic] to send him there in light of an individual just discharged from a hospital with a disability."

## Discussion

A motion to dismiss should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Weixel v. Board of Educ. of New York, 287 F.3d 138, 145 (2d Cir. 2002). When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the nonmovant's favor.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).  When a plaintiff is proceeding *pro se*, courts must construe the complaint liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

Even applying these liberal standards, Rosenblum has failed to set forth a constitutional violation.  The Eighth Amendment is most commonly raised in cases where the plaintiff is in state custody.  In such a case, a court will apply a deliberate indifference standard.  See Estelle v. Gamble, 492

U.S. 97, 103-04 (1976).  Here, however, it does not appear that Rosenblum was in custody.  Although he may have been availing himself of state services, there is no indication in the complaint that his receipt of services was part of a custodial or compulsory program.[2]

"When a non-custodial person brings an Eighth Amendment claim, the higher standard of 'shocks the conscience' is used, rather than the less burdensome 'deliberate indifference.'" Luna v. Weiner, 2006 WL 1517747, at *4 (D.N.J. May 23, 2006) (citing Kuolta ex rel. Estate of Kuolta v. City of Centerline, 2006 WL 1000770, at *5 (E.D. Mich. March 31, 2006)); see also County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (deliberate indifference is not enough for liability in non-custodial situtations).  This higher standard requires a showing of "callous disregard for the risk of injury or action in an arbitrary manner that shocks the conscience or that indicates an intent to injure . . . .  [O]nly the most egregious official conduct can be said to be 'aribtrary in the constitutional sense.'" Schroder v. City of Fort Thomas, 412 F.3d 724, 730 (6th Cir. 2005).

---

[2]  Rosenblum claims that Soto "verbally attacked" him while he was a patient at the Vermont State Hospital, but does not link this allegation to his other claims of interactions with Safehaven.

Rosenblum's claims do not rise to the level of unconstitutional harm.  He alleges that he had to walk in cold weather more often than was necessary, and that he was sent to a homeless shelter that could not meet his medical needs.  In his cold weather claim, Rosenblum states that the staff of Safehaven was aware of his daily walk for medications, but does not specifically allege that Soto had any knowledge of his alleged physical pain.  Without knowledge of Rosenblum's alleged suffering, Soto cannot have shown "callous disregard" for his well-being.  Nor has Rosenblum alleged sufficient facts for the Court to find a claim of supervisor liability. See Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003). Furthermore, even if Soto did know that Rosenblum had to walk to Safehaven each day for medications, a failure to adjust his pick-up schedule prior to February, 2004, without additional facts, is not conduct so egregious that it "shocks the conscience."

   In his housing claim, Rosenblum alleges that Soto interviewed him for a placement at Safehaven, but ultimately decided to send him to a homeless shelter.  Rosenblum claims that the turnover rate at Safehaven was "2/3 weeks per outpatient," and speculates that there must have been openings during the 90 days he spent at the homeless shelter.  He also alleges that Soto "verbally attacked" him.  Rosenblum concedes

that his placement was at Soto's discretion, but claims that the homeless shelter had inadequate medical facilities and accuses Soto of "improper medical care for a disabled individual."

Again, Rosenblum's claim fails to reach constitutional proportions.  It is not clear from the complaint that Soto was aware of Rosenblum's specific medical needs, or that she had the expertise to determine whether those needs could be met while he was in a homeless shelter.  Nor does Rosenblum claim that he suffered any harm as a result of his placement in the homeless shelter.  Accordingly, even if the Court were to assume that Soto denied Rosenblum a place at Safehaven due to personal animus, it does not appear from Rosemblum's allegations that the denial was in callous disregard for his needs, or that he was injured by Soto's actions.  For these reasons, Soto's motion to dismiss is GRANTED.

When addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  Here, Rosenblum has not alleged sufficient facts to maintain a claim of unconstitutional conduct.  Additional factual allegations,

6

however, might bring his claims to a level where they can survive a motion to dismiss.

In her motion, Soto does not contend that Rosenblum's claims lack a legal basis.  Her only argument, made in conclusory fashion and without reference to specific allegations, is that the complaint "alleges no injury, requests no relief, and fails to state a claim upon which relief may be granted."  (Paper 12 at 1).  Soto further asserts, again without discussion, that "there are no facts or circumstances that would entitle Plaintiff to relief."  Id.  Contrary to Soto's conclusions, Rosenblum has alleged both harmful conduct and, with respect to his being forced to walk in cold weather, injuries.  Although his claims as currently stated do not rise to the level required for a constitutional violation, the complaint suggests that with additional facts, Rosenblum may be able to state a claim for which relief may be granted.  Therefore, Rosenblum is hereby granted leave to amend his complaint once within 20 days of the date of this Opinion and Order.

Finally, having granted Rosenblum leave to amend his complaint, the Court notes that there is a motion to amend pending.  This motion, however, has nothing to do with Soto or the alleged events at Safehaven.  The amendment seeks to add Mathew Young and the Howard Center for Human Services as

defendants, and appears to focus on Rosenblum's involuntary commitment to the Vermont State Hospital. Because the proposed amendment is entirely unrelated to the allegations in the initial complaint, the motion to amend (Paper 8) is DENIED. See Fed. R. Civ. P. 20(a) (defendants may be joined if claims arise out of "same transaction, occurrence, or series of transactions or occurrences").

## Conclusion

For the reasons set forth above, Rosenblum's motion to amend his complaint (Paper 8) is DENIED, and Soto's motion to dismiss (Paper 12) is GRANTED. Rosenblum is hereby granted leave to amend his complaint within 20 days of the date of this Opinion and Order. Failure to file a timely amended complaint may result in the dismissal of this case.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of September, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge